# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:04-CR-52-01 |
| | § | |
| JUSTIN LEE PICKETT | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 8, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Justin Lee Pickett. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by the court-appointed federal defender, Wayne Dickey.

Defendant originally pleaded guilty to the offense of Felon in Possession of a Firearm and Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. On February 8, 2005, U.S. District Judge Michael H. Schneider sentenced Defendant to 71 months imprisonment on each Count to run concurrently and three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug treatment and testing. On November 6, 2009, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his condition of supervised release by: (1) providing a urine specimen which tested positive for

marijuana,[1] (2) failing to notify the probation officer ten days prior to any change in residence or employment, (3) failing to provide the probation officer with a truthful and complete written report in January 2010, and (4) failing to provide urine specimens as required by the random drug testing program.

If the Court finds by a preponderance of the evidence that Defendant committed these supervised release violations, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by conviction for the offense of possession of marijuana would constitute a Grade C violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Under the same statute, violating a condition of supervision by providing a urine specimen which tested positive for marijuana; for not notifying the probation officer ten days prior to any change in residence or employment; for failing to provide a truthful and complete written report for January 2010, and for failing to provide the requisite urine specimens would also constitute a Grade C violation. Considering Defendant's criminal history category of IV, the Guideline imprisonment range is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing three of the four acts alleged in the government's petition. These violations include: (1) providing a urine sample which tested positive for marijuana, (2) failing to notify the probation officer ten days prior to any change in residence or employment, and (3) failing to provide the probation officer with a

---

[1] Under 5th Circuit law, the Court can find that illicit drug use constitutes possession.

truthful and complete written report in January 2010.² In exchange, the government agreed to recommend that Defendant serve 9 months in prison with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Justin Lee Pickett, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Forest City, Arkansas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 10th day of March, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

² At the hearing, Defendant specifically plead true to only allegations 1 through 3, as outlined in the government's petition.